IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SAMANTHA LUSKY,<br><br>                    Plaintiff,<br>v.<br><br>SEB LEGAL, LLC,<br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND SETTING IPT CONFERENCE**<br><br>Case No. 1:15-cv-55-BCW<br><br>Magistrate Judge Brooke Wells |

All parties have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] Before the court is Defendant SEB Legal, LLC's ("Defendant") motion to dismiss.[2] The court has carefully reviewed the written memoranda submitted by the parties in relation to this motion. Pursuant to civil rule 7-1(f) of United States District Court for the District of Utah's Rule of Practice, the court concludes that oral argument is not necessary and will determine the motion on the basis of the written memoranda. For the reasons set forth more fully below, the Court DENIES Defendants' Motion to Dismiss.

## BACKGROUND

On or about October 2014, Defendant was retained by landlord Mary Kosmas to attempt to collect on a default judgment that was entered by the Third District Court, State of Utah in *Kosmas v. Jones*, case no. 130907119, in favor of Ms. Kosmas against Plaintiff and other individuals for debts owed for rent on 4636 South Stratton Drive, Holladay, UT 84117.[3]

---

[1] *See* docket no. 10; 28 U.S.C. § 636(c); F.R.C.P. 73.
[2] Docket no. 5.
[3] The Court notes that the Complaint nor Defendant's Motion sets forth which court entered the default judgment. However, the Court assumed it was Utah State Court and obtained verification of the same. Therefore, the Court will take judicial notice of Utah State case and has attached the Court's docket as Exhibit 1 to the decision for reference.

The default judgment was entered on January 17, 2014.  On October 17, 2014, counsel entered its appearance in Utah State Court and filed a Notice of Judgment that same day.  Also on October 17, 2014, Defendant sent Plaintiff a letter which stated that Plaintiff owed $4,839.25 and that "this amount will increase each and every month until paid in full."[4]  In addition, the letter contained the following:

> Please review your records on this matter and forward to this office the above amount to close this matter. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.  If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.[5]

On October 27, 2014, ten days after sending the written notice to Plaintiff, Defendant filed an Application for Writ of Garnishment against Plaintiff.  The Court granted the Application on October 28, 2014.  Plaintiff then filed a Motion to Set Aside Default Judgment and Request for Hearing.  The matter was fully briefed and ultimately denied by the Court.

Plaintiff now brings this lawsuit alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").  Specifically Plaintiff's Complaint alleges "[w]ithin the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff.  Defendant's conduct violated the FDCPA in multiple ways, including the following: Overshadowing the disclosures required by 15 U.S.C. §1692(g) during the thirty-day dispute period, including filing a garnishment against Plaintiff within the thirty-day period and failing to

---

[4] Exh. no. 1, docket no. 5.
[5] *Id.*

explain to Plaintiff what effect, if any, the garnishment would have on her rights to dispute…"[6] In response to Plaintiff's lawsuit, Defendant has filed the instant Motion to Dismiss.[7]

## STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[8] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[9] In essence, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[10] However, the court "need not accept conclusory allegations without supporting factual averments."[11] Thus, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the party might present at trial, but assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[12] "Therefore, in assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts, and then consider whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable."[13] "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[14]

---

[6] Complaint, docket no. 2 at ¶ 8-9.
[7] Docket no. 5.
[8] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).
[9] *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 547 (2007).
[10] *Id.*, at 555.
[11] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).
[12] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).
[13] *Wilkerson v. Utah, Gateway*, No. 2:13-cv-666-DN-BCW, 2013 WL 6185040 at *2 (D. Utah November 26, 2013)(unpublished).
[14] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(italics in original).

## ANALYSIS[15]

Defendant moves for dismissal of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant argues that Plaintiff has failed to state a claim against upon which relief can be granted because defendant's written notice and subsequent filing of an application for writ of garnishment did not overshadow the written notice requirements of the FDCPA.

The statute at issue is 15 U.S.C. §1692g, validation of debts:

(a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) The amount of debt;
(2) The name of the creditor to whom the debt is owed;
(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with name and address of the original creditor, if different from the current creditor.

---

[15] There was some commentary in the briefs as to whether Defendant by including information not contained in the Complaint converted this Motion to Dismiss into a Motion for Summary Judgment . However, Plaintiff seems to agree that this motion is properly considered as a Motion to Dismiss. *See* docket no. 11 ("Plaintiff agrees with the procedural law cited by Defendant in its Motion."). Upon review, the Court finds that any facts that have been asserted that are outside of the Complaint are facts are public record or otherwise proper for the Court to take judicial notice of.  Therefore, the Court does not consider Defendant's motion a motion for summary judgment but rather a motion to dismiss as currently plead.  *See* MOORE'S FEDERAL PRACTICE, §12.34[2] ("In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice."); *Tal v. Hogan*, 453 F.3d 1244, 1265, n. 24 (10th Cir. 2006)(On a motion to dismiss the court may "take judicial notice of its own files and records, as well as facts which are a matter of public record.").

15 U.S.C § 1692g(b) states, in relevant part, "[a]ny collection activities and communications during the 30 day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

Defendant argues that based on case law the filing of the application for writ of garnishment 10 days after the collection letter was sent did not improperly overshadow with the consumer's right to dispute the debt. As support, Defendant cites several cases. However, upon review of those cases, the Court agrees with Plaintiff that all but one of the cases Defendants cites present different factual situations that the instant case. Specifically, as support for its arguments, Defendant relies heavily on *Ferree v. Marianos*, an unpublished opinion by the 10th Circuit Court of Appeals.[16]

In *Ferree*, the Court held that 15 U.S.C. § 1692(g) was not violated where validation notice was provided as an attachment to the pleadings in a foreclosure action.[17] In so holding, the 10th Circuit set forth the objective standard for review in FDCPA cases. The 10th Circuit stated claims under the FDCPA are to be "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." And "the test is how the least sophisticated consumer-one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer-understands the notice he or she receives."[18] In upholding the lower court's dismissal, the Court in *Ferree*, noted that plaintiff conceded that the "thirty-day period to dispute the debt, explained in the notice, and the twenty-day period to respond to the summons and petition set out in the summons 'are not mutually exclusive.'" The Court held "[t]he information contained in the notice was not obscured or contradicted simply

---

[16] NO. 97-6061, 129 F.3d 130 (10th Cir. 1997)(unpublished).
[17] No.
[18] *Id*. at *1.

because it was provided as an attachment to the foreclosure proceedings.  Even the least sophisticated consumer receiving the two communications in the same envelope… 'would sufficiently examine the entire contents of the envelope, and uncover the enclosed validation notice.'"[19]  Therefore, according to Defendant, "[i]f the *Ferree* court could not find overshadowing when the two documents were sent in the same envelope then it is clear that defendant's actions (sending the documents ten (10) days apart) would not constitute overshadowing under the FDCPA."[20]

In contrast, Plaintiff cites a case from the Second Circuit Court of Appeals that Plaintiff argues is more closely aligned with the current posture of case law under the FDCPA and the facts of the instant case.  In *Ellis v. Soloman and Soloman, P.C.*,[21] the Court applied the "least sophisticated consumer test" and found "the validation notice is overshadowed where a debt collector serves a consumer with process initiating a lawsuit during the validation period, without clarifying that commencement of the lawsuit has no effect on the information conveyed in the validation notice."[22]  The Court further noted, "[d]efendants did not have to serve Ellis during the validation period; they could have waited until the validation period expired.  It is difficult to discern what tactical advantage was gained by commencing a lawsuit when the validation period had only two weeks to run, especially since the return date on the summons was not until…a full month after the validation period expired.  Of course, debt collectors may continue collection activities, including commencing litigation, during the validation period, but in doing so the debt collector must not transgress §1692g(b)'s proscription of collections activities that 'overshadow

---

[19] *Id.* at *2.
[20] Reply, docket no. 12 at p. 3.
[21] 591 F.3d 130 (2nd Cir. 2010)
[22] *Id.* at 136.

or…[are] inconsistent with 'the validation notice.'"[23]  Further, the Court reasoned "[c]larifying that commencement of a lawsuit does not trump the validation notice will come at little or no cost to debt collectors and will ensure that the consumer rights secured under the FDCPA are not overshadowed or contradicted."[24]

   Here, upon review of the case law presented by the parties as well as the procedural posture of the case, the Court is persuaded by the reasoning of the *Ellis* Court.  Although the case is not binding precedent, it seems that the facts of the *Ellis* case are more in line with the instant case.  Relying on the "least sophisticated consumer test" the Court is persuaded that like the *Ellis* court, the filing of the writ of garnishment overshadowed the requirements of the FDCPA.  Based on the information contained in the collection letter, it is plausible that the "least sophisticated" consumer would not have expected a writ of garnishment to be filed within the 30 day validation period.  Rather, based on the language of the collection letter, the Court finds Plaintiff has stated an adequate claim for relief that the least sophisticated consumer would have believed that no collection activity would take place during the 30 day period described in the letter.  Basically, the language gives the impression that Plaintiff had 30 days to act or face consequences.  Thus, the writ of garnishment seems to be inconsistent and overshadow the collection letter.  Further, unlike the *Ferree* Court, where there were dual notices of sorts contained in the same envelope, the notice in this case did not provide Plaintiff with sufficient disclosure or anything to compare to indicate that other collection activity, including the filing of a Writ of Garnishment could take place during the validation period.

---

[23] *Id.* at 136-137.
[24] *Id.* at 137.

Therefore, upon review of the Complaint in this case, the Court finds the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted pursuant to Rule 12(b)(6). The motion to dismiss is denied.

## CONCLUSION & ORDER

For the foregoing reasons, the Court finds that the filing of the Writ of Garnishment within the validation period overshadowed the disclosure of the consumer's right to dispute the debt contained in the letter sent to Plaintiff. Thus, the Writ of Garnishment was filed in violation of the FDCPA. Therefore, Defendant's motion to dismiss is **DENIED**. Accordingly, an initial pretrial conference will be held for scheduling purposes on **January 13, 2015 at 10:30 AM.**

**IT IS SO ORDERED.**

DATED this 2 December 2015.

/s/ Brooke C. Wells
Brooke C. Wells
United States Magistrate Judge

# EXHIBIT 1

```
                      3RD DISTRICT COURT - SALT LAKE
                     SALT LAKE COUNTY, STATE OF UTAH

                         MARY KOSMAS vs. DAN JONES

CASE NUMBER 130907119 Eviction
_____


CURRENT ASSIGNED JUDGE
        PAIGE PETERSEN


PARTIES
        Plaintiff - MARY KOSMAS
        Represented by: SAMUEL E BELL
        Represented by: MIKAH E HAMMOND
        Defendant - DAN JONES
        Defendant - SAMMIE LUSKY
        Defendant - MATT JONES
        Defendant - EMILY CHRISTENSEN


ACCOUNT SUMMARY
        TOTAL REVENUE  Amount Due:           150.00
                       Amount Paid:          150.00
                            Credit:            0.00
                           Balance:            0.00
        REVENUE DETAIL - TYPE: COMPLAINT 0K-2K
                        Amount Due:           75.00
                       Amount Paid:           75.00
                     Amount Credit:            0.00
                           Balance:            0.00
        REVENUE DETAIL - TYPE: ONLINE ASSISTANCE
                        Amount Due:           20.00
                       Amount Paid:           20.00
                     Amount Credit:            0.00
                           Balance:            0.00
        REVENUE DETAIL - TYPE: CERTIFIED COPIES
                        Amount Due:            1.00
                       Amount Paid:            1.00
                     Amount Credit:            0.00
                           Balance:            0.00
        REVENUE DETAIL - TYPE: CERTIFICATION
                        Amount Due:            4.00
```

```
CASE NUMBER 130907119 Eviction
_____
                    Amount Paid:            4.00
                  Amount Credit:            0.00
                        Balance:            0.00
         REVENUE DETAIL - TYPE: GARNISHMENT
                     Amount Due:           50.00
                    Amount Paid:           50.00
                  Amount Credit:            0.00
                        Balance:            0.00

CASE NOTE

PROCEEDINGS
10-18-13 Case filed
10-18-13 Judge TODD M SHAUGHNESSY assigned.
10-18-13 Filed: Complaint 0-2K - Amt in Cont $1685.00
10-18-13 Fee Account created     Total Due:          75.00
10-18-13 Fee Account created     Total Due:          20.00
10-18-13 COMPLAINT 0K-2K         Payment Received:          75.00
             Note: Code Description: COMPLAINT 0K-2K, ONLINE ASSISTANCE
10-18-13 ONLINE ASSISTANCE       Payment Received:          20.00
10-18-13 Issued: Summons
                 Judge ROBERT FAUST
10-18-13 Note: ** SUMMONS ** Eviction Pick Up Basket
11-08-13 Filed return: Return Summons
                 Party Served: JONES, DAN
                 Service Type: Personal
                 Service Date: October 29, 2013
11-08-13 Filed return: Return Summons
                 Party Served: JONES, MATT
                 Service Type: Personal
                 Service Date: October 29, 2013
11-08-13 Filed return: Return Summons
                 Party Served: CHRISTENSEN, EMILY
                 Service Type: Personal
                 Service Date: October 29, 2013
11-08-13 Filed return: Return Summons
                 Party Served: LUSKY, SAMMIE
                 Service Type: Personal
                 Service Date: October 29, 2013
Printed: 12/01/15 12:02:54          Page 2
```

```
CASE NUMBER 130907119 Eviction
_____
11-08-13 Filed: DMDC Certificate for Dan Jones
11-08-13 Filed: DMDC Certificate for Sammie Lusky
11-08-13 Filed: DMDC Certificate for Matt Jones
11-08-13 Filed: DMDC Certificate for Emily Christensen
11-08-13 Filed: **PROPOSED** Military Service Order (Emily Christensen)
11-08-13 Filed: **PROPOSED** Military Service Order (Sammie Lusky)
11-08-13 Filed: **PROPOSED** Military Service Order (Matt Jones)
11-08-13 Filed: **PROPOSED** Military Service Order (Dan Jones)
11-08-13 Filed: Plaintiff's Request For Nonpayment of Rent Hearing
11-12-13 Note: **Informed the plaintiff by phone that a military service
               affidavit is required for each defendant, and an
               immediate occupancy hearing will not be held because
               defendants have not answered the complaint.**
11-18-13 Filed: Ex Parte Motion For Restitution
         Filed by: KOSMAS, MARY
11-18-13 Filed: PROPOSED Default Certificate
11-18-13 Filed: PROPOSED Order of Restitution
11-19-13 Notice - NOTICE for Case 130907119 ID 15594083
        We are unable to enter the default judgment/certificate in this
        case for the following reasons:

        Notes: A military service affidavit has not been filed.



        Date: _____       _____

                                              District Court Clerk

11-19-13 Notice - NOTICE for Case 130907119 ID 15594085
        We are unable to enter the default judgment/certificate in this
        case for the following reasons:

        Notes: A military service affidavit has not been filed.



Printed: 12/01/15 12:02:54        Page 3
```

```
CASE NUMBER 130907119 Eviction
_____
         Date: _____      _____

                                            District Court Clerk

11-19-13 Filed: Default Rejection Notice
11-26-13 Filed: Military Ser Aff/Declaration (Emily Christensen)
11-26-13 Filed: Military Ser Aff/Declaration (Sammie Lusky)
11-26-13 Filed: Military Ser Aff/Declaration (Matt Jones)
11-26-13 Filed: Military Ser Aff/Declaration (Dan Jones)
01-02-14 Filed: Plaintiff's Affidavit of Damages
01-02-14 Filed: ** PROPOSED ** Judgment (blank)
01-02-14 Filed: Default Certificate
01-06-14 Filed order: Military Service Order (Emily Christensen)
               Judge TODD M SHAUGHNESSY
               Signed January 03, 2014
01-06-14 Filed order: Military Service Order (Sammie Lusky)
               Judge TODD M SHAUGHNESSY
               Signed January 03, 2014
01-06-14 Filed order: Military Service Order (Matt Jones)
               Judge TODD M SHAUGHNESSY
               Signed January 03, 2014
01-06-14 Filed order: Military Service Order (Dan Jones)
               Judge TODD M SHAUGHNESSY
               Signed January 03, 2014
01-17-14 Issued: Order of Restitution
               Judge TODD M SHAUGHNESSY
01-17-14 Judgment #1 Entered $ 4729.00
         Debtor:   DAN JONES
         Debtor:   EMILY CHRISTENSEN
         Creditor: MARY KOSMAS
         Debtor:   MATT JONES
         Debtor:   SAMMIE LUSKY
              255.00 Late Fees
            1,600.00 Rent
            2,100.00 Treble damages
              500.00 Damages
              274.00 Costs
            4,729.00 Judgment Grand Total
01-17-14 Filed judgment: Default Judgment
Printed: 12/01/15 12:02:54         Page 4
```

```
CASE NUMBER 130907119 Eviction
_____
                    Judge TODD M SHAUGHNESSY
                    Signed January 17, 2014
01-17-14 Case Disposition is Judgment
         Disposition Judge is TODD M SHAUGHNESSY
01-17-14 Note: Order of Restitution signed and delivered to front
              counter
01-21-14 Note: ** ORDER OF REST **  Eviction Pick Up Basket
02-07-14 Fee Account created       Total Due:           1.00
02-07-14 Fee Account created       Total Due:           4.00
02-07-14 CERTIFIED COPIES          Payment Received:         1.00
02-07-14 CERTIFICATION             Payment Received:         4.00
10-17-14 Filed: Appearance of Counsel/Notice of Limited Appearance
10-17-14 Filed: Notice of Default Judgment
10-17-14 Filed: Return of Electronic Notification
10-27-14 Filed: Application for Writ of Garnishment
10-27-14 Filed: Writ of Continuing Garnishment (Proposed) Sammie Lusky
10-28-14 Issued: Writ of Continuing Garnishment Sammie Lusky
                Clerk malinat
10-28-14 Fee Account created       Total Due:          50.00
10-28-14 GARNISHMENT               Payment Received:        50.00
10-28-14 Filed: Return of Electronic Notification
11-06-14 Filed: Motion to Set Aside Judgment and Request for Hearing
         Filed by: LUSKY, SAMMIE
11-06-14 Filed: Defendant's Affidavit in Support of Motion
11-06-14 Filed: Correspondence from defendants
11-06-14 Filed: ** PROPOSED ** Order Setting Aside Judgment
11-06-14 Filed: Request to Submit for Decision
11-06-14 Note: Request to Submit filed prematurely.
11-10-14 Filed return: Return of Service - Garnishment, TJX Companies
                  Party Served: DANI SNOW, AUTHORIZED PARTY
                  Service Type: Personal
                  Service Date: November 07, 2014
11-10-14 Filed: Return of Electronic Notification
11-25-14 Filed: Memorandum in Opposition to Motion to Set Aside Judgment
11-25-14 Filed: Return of Electronic Notification
12-03-14 Filed order: Order Denying Motion to Set Aside Judgment
                  Judge TODD M SHAUGHNESSY
                  Signed December 03, 2014
05-22-15 Judge PAIGE PETERSEN assigned.
Printed: 12/01/15 12:02:54          Page 5
```

```
CASE NUMBER 130907119 Eviction
_____
06-19-15 Filed: Motion
         Filed by: KOSMAS, MARY
06-19-15 Filed: Memorandum
06-19-15 Filed: Return of Electronic Notification
07-27-15 Filed: Request/Notice to Submit
07-27-15 Filed: Order (Proposed) To Disclose Employment
07-27-15 Filed: Return of Electronic Notification
07-29-15 Filed: Notice of Address Change
07-29-15 Filed: Return of Electronic Notification
08-03-15 Filed order: Order To Disclose Employment
                Judge PAIGE PETERSEN
                Signed August 03, 2015
08-03-15 Filed: Return of Electronic Notification
```